UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    File No. 1:08-CR-195

    HON. ROBERT HOLMES BELL

JONTE KIMBROUGH,

    Defendant.
    _____/

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Jonte Kimbrough's motion to recommend designation of custody period as federal custody.[1] (Dkt. No. 23.) Defendant requests the Court to recommend that the Bureau of Prisons designate Defendant's state confinement period from October 20, 2009 to January 5, 2009, as federal custody *nunc pro tunc*, in order to accomplish the Court's stated intent in imposing a 48-month sentence to start on October 20, 2008.

At sentencing on March 17, 2009, the Court stated on the record that Defendant was sentenced to 48 months in prison "with time given for service since October 20th of 2008 when you came into custody of the marshal. Even though you went back to Berrien County,

---

[1] This motion, which was prepared with the assistance of a law student from the University of Wisconsin Law School, deserves commendation for its clarity and its even-handed approach to the facts and the governing law.

you're still under federal jurisdiction from and after October 20th of '08." (Dkt. No. 22, Sent. Tr. 14.) According to Defendant, the Bureau of Prisons has advised that Defendant's sentence commenced on January 6, 2009, as he was serving a Michigan state sentence from September 17, 2008, until January 5, 2009.

The Court is not authorized to grant credit for time served. In *United States v. Wilson*, 503 U.S. 329 (1992), the United States Supreme Court held that it is the Attorney General, through the Bureau of Prisons, and not the district court, who has the authority to grant credit for time served. *Id.* at 333; *see also United States v. Carpenter*, 359 F. App'x 553, 557 (6th Cir. 2009) (citing *Wilson* and construing 18 U.S.C. § 3585(b)); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993) (same).

Moreover, 18 U.S.C. § 3585(b) prohibits the Bureau of Prisons from awarding double credit for time served under a state sentence. *Garrett v. Snyder*, 41 F. App'x 756, 757 (6th Cir. 2002). Defendant acknowledges as much when he notes that the Bureau of Prisons was technically correct in not granting credit for time served pursuant to 18 U.S.C. § 3585(b) because Defendant's Michigan jail time was credited towards his state sentence.[2]

---

[2]Section 3585(b) provides as follows:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

(1) as a result of the offense for which the sentence was imposed; or

(continued...)

Defendant nevertheless contends that the Court might be able to accomplish its sentencing objectives pursuant to its authority to enter concurrent sentences. The Court has authority to order concurrent sentences when multiple terms of imprisonment are imposed at the same time, or when a term of imprisonment is imposed on a defendant "who is already subject to an undischarged term of imprisonment." 18 U.S.C. § 3584(a). Section 5G1.3(c) similarly authorizes concurrent sentences only in cases involving "an undischarged term of imprisonment." U.S.S.G. § 5G1.3(c). Defendant completed his state term of imprisonment on January 5, 2009, and was not subject to an "undischarged" term of imprisonment at the time of his sentencing on March 17, 2009. Accordingly, the Court did not have authority under either 18 U.S.C. § 3584 or U.S.S.G. § 5G1.3(c) to order that Defendant's federal sentence run concurrently with his discharged state sentence.

Defendant nevertheless suggests that the Court may have intended that his state sentence run concurrently with his federal sentence beginning October 20, 2008, when he first came into federal custody. In support of this request Defendant relies on *Delestre v. Pugh*, 196 F.ed. App'x 75 (3d Cir. 2006), where the court held that the district court's

---

[2](...continued)
(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b).

intention to impose a sentence to run retroactively concurrent with the time served on a state sentence should be upheld despite the Bureau of Prison's objections. *Id.* at 76.

*Delestre* is distinguishable. In *Delestre*, the court's determination that "the sentencing court intended to, and had the authority to, impose the sentence to run retroactively concurrent" with the time the defendant served on his state sentence, was based on the fact that the state sentence was undischarged, and was part and parcel of the defendant's federal conspiracy charge, as contemplated by U.S.S.G. § 5G1.3(b) & (c).[3]  *Id.*  That is not the circumstance presented here. Defendant's state sentence for disorderly conduct on July 28, 2008, was fully discharged and was not relevant conduct under U.S.S.G. § 1B1.3 to the instant offense of being a felon in possession of a firearm.

---

[3]Section 5G1.3(b) provides:

If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:(1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b).

It was not this Court's intention to have Defendant's state sentence run concurrently with his federal sentence beginning October 20, 2008. The Court was under the assumption that Defendant was in federal custody while he was housed in Berrien County. The Court was not aware that Defendant was in fact serving time on an unrelated state sentence in Berrien County. The Court is not authorized to grant Defendant credit for time served on a state sentence, nor is it authorized to order Defendant's federal sentence to run concurrently with a fully discharged state sentence on an unrelated matter. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to recommend designation of custody period as federal custody (Dkt. No. 23) is **DENIED**.


Dated: September 22, 2010                /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE